**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA**

|  |  |
|---|---|
| JOE MANIS,<br>            Plaintiff,<br>  v.<br>U.S. DEPARTMENT OF AGRICULTURE;<br>et al.,<br>            Defendants. | No. 1:24-cv-00175-WO-JLW |

**PLAINTIFF'S NOTICE OF CHANGED CIRCUMSTANCES REGARDING
ADMINISTRATIVE ADJUDICATION**

Plaintiff Joe Manis hereby provides notice to the Court of the Initial Decision and Order issued by a U.S. Department of Agriculture ("USDA") Administrative Law Judge in HPA Docket No. 23-J-0044 (February 1, 2025) (the "Initial Decision"). Manis filed the above-captioned action to collaterally challenge the constitutionality of the USDA adjudication of an allegation he violated the Horse Protection Act (HPA Docket No. 23-J-0044) (the "USDA Adjudication"). Doc. 1. After the Court denied his motions for temporary restraining order and preliminary injunction, Docs. 16, 21, a decision now pending appeal before the United States Court of Appeals for the Fourth Circuit (No. 24-1367),

the parties filed cross-dipositive motions. Docs. 26, 32. Meanwhile, the underlying USDA Adjudication moved forward through a hearing before an administrative law judge. On February 1, 2025, Administrative Law Judge Clifton issued the attached Initial Decision.

The Initial Decision imposes on Manis a $10 civil penalty and a one-year industry-wide disqualification that would bar him from "showing, exhibiting or entering any horse" or "participating in any horse show, horse exhibition, or horse sale or horse auction." Initial Decision at 11. The Initial Decision defines "participating" expansively to include "financing the participation of others in equine events." *Id.* This decision is not yet final as Manis has 30 days to file an appeal with USDA's Judicial Officer, 7 C.F.R. §§ 1.145, 2.27(a)(1), which he intends to do. There is no deadline for the Judicial Officer's decision. *Id.* § 1.145. As such, the adjudication remains ongoing, and this Court can still provide Manis with the relief he seeks: a permanent injunction of the USDA Adjudication (HPA Docket. No. 23-J-0044). Doc 1 ¶¶ 186–94; Doc. 32 at 3.

2

Case 1:24-cv-00175-WO-JLW   Document 42   Filed 02/06/25   Page 2 of 5

Additionally, the imposition of only a $10 penalty in the Initial Decision does not moot Manis's Seventh Amendment claim. USDA "'retains the authority and capacity'" to impose civil penalties over $20 in HPA cases. *Porter v. Clarke*, 852 F.3d 358, 364–65 (4th Cir. 2017) (citation omitted); Doc. 36-1 at 1. This does not satisfy the "formidable standard" UDSA must meet in carrying its "'burden to establish' that it cannot reasonably be expected to resume *its* challenged conduct ..." *FBI v. Fikre*, 601 U.S. 234, 243 (2024). Regardless, Manis's Article III claim remains unaffected.

This development warrants prompt resolution of Manis's cross-motion for summary judgment (Doc. 32) while the USDA Adjudication remains ongoing. Once the USDA Adjudication concludes with a final decision from the Judicial Officer, Manis's subjection to the unconstitutional tribunal "cannot be undone." *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175, 191 (2023).

DATED: February 6, 2025.

> Respectfully submitted,
>
> /s/ *Thomas B. Kakassy*
> THOMAS B. KAKASSY
> North Carolina Bar No.9297
> P.O. Box 2436

Gastonia, NC 28053
Telephone: (704) 867-1795
Fax: (704) 867-1820
Tom@kakassylaw.com

/s/ *Joshua M. Robbins*
JOSHUA M. ROBBINS*
Virginia Bar No. 91020
ALLISON D. DANIEL*
Ohio Bar No. 96186
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd.
Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
JRobbins@pacificlegal.org
ADaniel@pacificlegal.org
*Attorneys for Plaintiff*

*\* Appearing by special appearance pursuant to L.R. 83.1*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2025, I submitted the foregoing to the Clerk of the Court via the District Court's CM/ECF system, which will send notice of this submission to all counsel of record.

/s/ *Joshua M. Robbins*
JOSHUA M. ROBBINS*